UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-14002-T/P-MARTINEZ/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

HERMAN MISLA,

    Defendant.
_____/

FILED by ___ D.C.

MAR 26 2012

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## REPORT AND RECOMMENDATION ON
## PETITION FOR VIOLATION OF SUPERVISED RELEASE

**THIS CAUSE** having come on to be heard for a final hearing on March 26, 2012 in respect to the Petition Alleging Violation of Supervised Release and this Court having conducted an evidentiary and receiving evidence and arguments of counsel, this Court recommends to the District Court as follows:

1. The Defendant is charged with violating his supervised release in the following manner:

    **Violation Number 1**    **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On or about February 6, 2012, the defendant submitted a urine specimen which initially tested positive for the presence of cocaine in our local laboratory; and subsequently confirmed positive by Alere Toxicology Services.

2. At the request of the Defendant, this Court set the preliminary hearing and final hearing for the same time on March 26, 2012. This Court confirmed at the beginning of the hearing on that date that both counsel for the government and counsel for the Defendant were prepared to proceed in respect to the final hearing.

3. The government called David Farinacci, United States Probation Officer, as its sole witness. The Defendant stipulated as to identity and that he is being supervised by the U. S. Probation Office pursuant to the supervised release imposed as part of his sentence.

4. Mr. Farinacci began supervising the Defendant on or about February 24, 2011. The Defendant has had two prior urinalysis samples which tested positive for the presence of cocaine prior to the positive urinalysis alleged in the violation set forth in this Petition. The first positive sample was taken from the Defendant on February 24, 2011. After that sample was analyzed and determined to be positive for the presence of cocaine, the Defendant admitted his use of cocaine. The Defendant was referred to out-patient substance abuse counseling.

5. On or about November 8, 2011, the Defendant again submitted a urine sample which was analyzed and tested positive for the presence of cocaine. Both this sample and the previous sample referred to above were confirmed by later laboratory analysis. Once again, the Defendant admitted his use of cocaine in respect to the November 8, 2011 urinalysis. The Defendant was again referred to out-patient counseling. He is still undergoing that out-patient counseling at the present time.

6. On or about February 6, 2012, the Defendant submitted another urinalysis specimen. That specimen was once again tested and analyzed. The results revealed that it was positive for the presence of cocaine. The documentation relating to the submission of the sample as well as the laboratory analysis finding that the sample from the Defendant tested positive for the presence cocaine was admitted at the hearing as Government's Exhibit No. 1.

2

7. In respect to this most recent sample, the Defendant has denied using cocaine. Mr. Farinacci recommended to the Defendant that he submit to inpatient counseling. However, the Defendant has refused to do so.

8. The Defendant was on Code-A-Phone testing where random urine samples would be obtained from him. Mr. Farinacci testified that the sample immediately prior to the February 6, 2012 sample was taken from the Defendant on January 9, 2012. That sample proved to be negative. A subsequent sample was taken from the Defendant on February 8, 2012 which also proved to be negative. The Defendant is presently required to report to Mr. Farinacci on each Tuesday and Thursday of every week.

9. Mr. Farinacci testified that it is his understanding based upon his experience as a U. S. Probation Officer and his research, that cocaine remains in one's system for a period of one to three days. He disputed the allegation by the Defendant that it could remain in one's system for up to seven days. Mr. Farinacci testified that he has never learned of any such information or studies which would support that argument.

10. In respect to the February 6, 2012 urine specimen, Mr. Farinacci testified that the sample was confirmed positive for the presence of cocaine by the U. S. Probation Office "in house" Alere Toxicology Services. It was thereafter sent to a lab and confirmed as containing cocaine.

11. Mr. Farinacci testified that based upon his review of the Pre-Sentence Investigation in the case underlying the Defendant's most recent conviction for which he is now on supervised release, the Defendant has a history of drug abuse involving cocaine. The Defendant's own statements to Mr. Farinacci confirm this prior drug abuse regarding cocaine.

3

12. The government presented no other witnesses.

13. The Defendant presented no witnesses or evidence at the hearing.

_____

14. The Defendant argued that the test immediately prior to this positive urinalysis and the one subsequent thereto were both negative. The Defendant argues that the present test results are inaccurate. However, the Defendant presents no evidence to support that legal argument.

15. Based upon the evidence received by the Court, this Court stated on the record that the government had met its burden by a preponderance of the evidence standard, to establish that the Defendant's urine specimen submitted on February 6, 2012 in fact tested positive for the presence of cocaine.

16. This Court allowed the Defendant to remain on bond pending sentencing by the District Court. This Court took into consideration that subsequent urine specimens have all tested negative. Further, while this Court understands that the U. S. Probation Office recommends that the Defendant receive inpatient counseling, this Court did not choose to impose that as an additional condition of bond pending sentencing. The reason this Court did not impose that condition was that such inpatient counseling may delay sentencing by the District Court and final disposition in this matter. Further, the District Court may not wish to impose that condition and by doing so, as a condition of bond, this Court may in fact limit or in some affect the options which the District Court wishes to explore in respect to sentencing of the Defendant.

**ACCORDINGLY,** this Court recommends to the District Court that the Defendant be found to have violated his supervised release in respect to the sole violation set forth

in the Petition and that a sentencing hearing be set at the District Court's earliest convenience for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Jose E. Martinez, the United States District Judge assigned to this case.

**DONE AND ORDERED** this _____ day of March, 2012, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. Jose E. Martinez
AUSA Diana M. Acosta
AFPD Panayotta Augustin-Birch
USPO David Farinacci