UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-14002-T/P-MARTINEZ/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

HERMAN MISLA,

    Defendant.
_____/

FILED by ___ D.C.

DEC - 3 2014

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## REPORT AND RECOMMENDATION ON FINAL HEARING IN RESPECT TO PETITION ALLEGING VIOLATIONS OF SUPERVISED RELEASE

**THIS CAUSE** having come on to be heard for a preliminary hearing and a final hearing in respect to the Petition Alleging Violations of Supervised Release dated November 24, 2014, and this Court having conducted a hearing on December 3, 2014, makes the following recommendations to the District Court.

    1.    The Petition in this case alleges the following violations of supervised release:

| | |
|---|---|
| **Violation Number 1** | **Violation of Mandatory Condition**, by failing to refrain from a violation of the law. On or about November 4, 2014, in Saint Lucie County, Florida, the defendant committed the offense of petty theft first degree property $100 but under $300, contrary to Florida Statute 812.014(2)(e). The defendant was arrested on November 7, 2014 and charged with this offense. |
| **Violation Number 2** | **Violation of Mandatory Condition**, by failing to refrain from a violation of the law. On or about November 7, 2014, in Saint Lucie County, Florida, the defendant committed the offense of petty theft first degree property $100 but under $300, contrary to Florida Statute 812.014(2)(e). |

2. At the outset of the hearing, counsel for the Defendant stated that he has discussed this matter with the Defendant and that the Defendant has no objection to the government proceeding by way of proffer at this time in respect to a preliminary hearing and final hearing to be held at this time. Further, counsel for the Defendant stated that the Defendant had no objection to the Court taking judicial notice of the facts set forth in the Petition Alleging Violations of Supervised Release and the Memorandum from USPO Ramos to Judge Martinez dated November 18, 2014 which sets forth the factual background supporting the two violations. This Court questioned the Defendant on the record and he confirmed that he has discussed this matter with his attorney and wishes to proceed in this regard. The Defendant further acknowledged that he understood that the Court would be utilizing the Petition and the Memorandum referenced above to serve as the government's proffer and evidence in this matter and that he was otherwise standing mute as to these violations.

3. Counsel for the Defendant also requested that this Court place within its Report and Recommendation the two recommendations that USPO Ramos sets forth on page 2 of the Petition. This Court read those two recommendations into the record. Counsel for the Defendant, the Defendant, and counsel for the government all agreed that these recommendations should be placed within the Report and Recommendation to Judge Martinez. Counsel for the Defendant stated that he would hope that Judge Martinez would rule on this matter by way of an order adopting the Report and Recommendation and adjusting the Defendant's supervision as recommended by USPO Ramos without the necessity of a sentencing hearing. However, AFPD Peacock acknowledges that ultimate decision will be left up to Judge Martinez.

4. The two recommendations which USPO Ramos makes on page 2 of the Petition are as follows:

   a. The defendant shall participate in an approved theft course as directed by the United States Probation Officer. The defendant will participate and successfully complete the course and will pay the entire cost of the course.

   b. The defendant shall perform hours of community service as monitored by the U.S. Probation Officer. The defendant shall perform 50 hours of community service, at a rate of 10 hours per month, all 50 hours shall be completed no later than three months prior to termination of supervision.

5. Based upon the Petition and the November 17, 2014 Memorandum from USPO Ramos to Judge Martinez, the government has established by a preponderance of the evidence that on November 4, 2014 the Defendant was seen on video walking out of the local Walmart store with approximately $155.47 worth of toiletries and laundry detergents. Subsequently on November 7, 2014, the Defendant returned to that same Walmart store in St. Lucie County, Florida, and attempted to leave the store with $149.10 worth of toiletries and laundry detergent. The Defendant was taken into custody at that time and the merchandise was recovered. It appears as though the state charges are still pending against this Defendant.

6. The Defendant has chosen to stand mute as to these charges. Based upon the facts set forth in the Petition as well as the Memorandum referenced by this Court herein, this Court finds that the facts do establish by a preponderance of the evidence that the Defendant has violated his supervised release in respect to Violations Numbers 1 and 2 set forth in the Petition. This Court will recommend to the District Court that the Defendant be found to have violated his supervised release and that the two

recommendations made by USPO Ramos concerning the Defendant's participation in an approved theft course and performance of community services be imposed in this case as additional conditions of the Defendant's supervised release.

**ACCORDINGLY**, this Court recommends to the District Court that the Defendant be found to have violated his supervised release in respect to Violations Numbers 1 and 2 set forth in the Petition and that the recommendations of adjustment made by USPO Ramos on page 2 of the Petition, as more particularly set forth by this Court herein above, be imposed upon the Defendant as part of his supervised release and that the District Court make a determination as to whether or not this matter shall proceed to a sentencing hearing or shall be disposed of by way of written order in respect to this Report and Recommendation.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Jose E. Martinez, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** this 3rd day of December, 2014, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. Jose E. Martinez
AUSA Carmen M. Lineberger
AFPD Fletcher Peacock
U. S. Probation Office (USPO Ramos)